CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 13, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DENIS ALBERTO RIVERA,** | ) | |
| Plaintiff, | ) | Case No. 7:24CV00224 |
| v. | ) | **OPINION AND ORDER** |
| **DAVID ANDERSON, ET AL.,** | ) | JUDGE JAMES P. JONES |
| Defendants. | ) | |

*Denis Alberto Rivera, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. Rivera has named more than eighty employees of the Virginia Department of Corrections (VDOC) as defendants to dozens of unrelated claims based on events that allegedly occurred at two different VDOC facilities over a four-year period, namely River North Correctional Center (River North) and Red Onion State Prison (Red Onion). The sheer volume and disconnectedness of Rivera's allegations has hampered the court's preliminary review of his case and any disposition of his claims. Moreover, this court's docket demonstrates that Rivera is an experienced litigator who is familiar with the Federal Rules of Civil Procedure and the rules governing joinder of claims and defendants. Indeed, many of his current claims repeat allegations he made in a past, similarly voluminous

Complaint that the court severed into separate lawsuits, based on misjoinder of claims and defendants.[1]  Despite this past litigation experience, Rivera has once again attempted to burden the court with his many improperly joined claims and defendants.  However, in this instance, I will not undertake to parse Rivera's unrelated contentions into a proper lawsuit.  Instead, I will dismiss the current complaint without prejudice and grant Rivera the opportunity to file an Amended Complaint that includes only appropriately joined claims, should he choose to do so.

As stated, the present Complaint is not consistent with Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action.  Rule 18(a) only allows a plaintiff to join "as many claims as it has against [one] opposing party."  On the other hand, Rule 20 allows the joinder of several parties only if the claims arose out of the same transaction or occurrence or series thereof and contain a question of fact or law common to all the defendants.  Thus, if the claims arise out of different transactions and do not each involve all defendants, joinder of the claims in one lawsuit should not be allowed.  Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the

---

[1] *Rivera v. Anderson*, No. 7:22CV00182, Order, ECF No. 33 (severing Rivera's claims into separate cases numbered 7:22CV00357 through 7:22CV00371).  Rivera chose not to comply with filing procedures to pursue any of the claims severed from that civil action, and accordingly, all such claims were dismissed without prejudice nearly two years before Rivera filed his current case.

claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." *Green v. Denning*, No. 06-3298-SAC, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). These procedural rules apply with equal force to pro se prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Id.* at *2 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

In addition, to allow Rivera to pay only one filing fee, while attempting to join disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the Prison Litigation Reform Act (PLRA). PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner — through prepayment or through partial payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious or as stating no claim for relief. 28 U.S.C. §§ 1915(b), (e), and (g), and 1915A.

"Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2. To allow Rivera to essentially package multiple lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement.

Rivera's claims in this action do not present compliance with Rules 18 and 20. Rather, his claims concern events at two prisons over many months to years, and name dozens of officials as defendants, while failing in many cases to describe their individual, alleged misconduct. In the current case, Rivera begins by reasserting several of his past claims about allegedly false disciplinary charges filed against him in 2020 or 2021.[2] As stated, Rivera asserted many of these same claims in the severed cases that stemmed from a previous lawsuit raising misjoined claims that he filed in this court in 2022 and then elected not to pursue. Based on separate facts, Rivera also alleges that constant indoor lighting, lack of cell windows, insufficient access to legal materials, and inadequate medical care for a variety of medical problems violated his constitutional rights while he was

---

[2] Most, if not all, of these claims regarding past disciplinary charges would be procedurally barred under the applicable statute of limitations, requiring that § 1983 claims be brought within two years of the date when the plaintiff knew necessary facts. Va. Code Ann. § 8.01-243(A).

confined at River North from 2020 until April 2022.  Furthermore, Rivera alleges that after his transfer to Wallens Ridge, officials failed to provide proper medical and mental health care for conditions ranging from shoulder and back pain to plantar foot pain to toenail fungus.  He also claims that Wallens Ridge officials periodically denied him outside recreation and access to legal materials.[3]

This conglomeration of claims and defendants is not a properly stated Complaint.  Therefore, I will dismiss it without prejudice.  This Opinion and Order does not address the possible merit of any of Rivera's claims. He simply may not litigate his unrelated claims against all these defendants in this single lawsuit, while being held accountable for only one filing fee.  If Rivera chooses to proceed with properly joined claims and defendants in this action, he must file multiple Complaints.  If Rivera wishes to bring multiple, unrelated claims, he must do so in multiple, new, separate lawsuits, consisting of properly joined claims and defendants.  For each of these new lawsuits, he will be required to prepay a filing fee or to provide financial information to support a finding that he qualifies to pay the filing fee through installments from his trust account, pursuant to 28 U.S.C. § 1915(b).

For the stated reasons, it is hereby **ORDERED** as follows:

---

[3] Rivera refers in the text of his Complaint to numerous exhibit numbers that are not included as part of his submission to the court.  The only exhibits included in the court's record concern medical complaints and grievances about being denied outside recreation.

1. The Complaint is hereby DISMISSED WITHOUT PREJUDICE; and

2. Plaintiff is GRANTED 28 days from this date to file a Motion to Amend, along with a proposed Amended Complaint that raises only properly joined claims and defendants. Any additional claims that plaintiff wishes to make against other defendants must be filed as separate cases including only properly joined claims and defendants.

ENTER: February 13, 2025

/s/  JAMES P. JONES
Senior United States District Judge